ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of -- | ) | |
| | ) | |
| 554 Bloomfield LLC | ) | ASBCA No. 58819 |
| | ) | |
| Under Contract No. DACA51-5-10-213 | ) | |

APPEARANCE FOR THE APPELLANT:     Ms. Wendy Bond
                                                                   Managing Member

APPEARANCES FOR THE GOVERNMENT:     Thomas H. Gourlay, Jr., Esq.
                                                                        Engineer Chief Trial Attorney
                                                                        Lorraine C. Lee, Esq.
                                                                        Engineer Trial Attorney
                                                                        U.S. Army Engineer District, New York

OPINION BY ADMINISTRATIVE JUDGE MCILMAIL

Appellant's request to reinstate its appeal is denied. Appellant filed the appeal on 8 August 2013. On 7 January 2015, at appellant's request, and without objection from the government, we dismissed the appeal without prejudice pursuant to Board Rule 18(b). The dismissal order allowed the appeal to be reinstated to the Board's docket upon motion of either party within one year from the date of the dismissal. Otherwise, the dismissal without prejudice would be deemed to be a dismissal with prejudice. On 12 November 2015, we extended that status, at appellant's request, through 31 March 2016, when the parties requested a further extension. On 6 April 2016, we again dismissed the appeal without prejudice, issuing an order that "[u]nless either party or the Board acts to reinstate the appeal within six months of the date of this Order," that is, by 6 October 2016, "the dismissal shall be deemed with prejudice." None did; therefore, on 6 October 2016, the dismissal automatically converted to one with prejudice by operation of law. *See Phoenix Petroleum Co.*, ASBCA No. 45414, 02-1 BCA ¶ 31,835 at 157,285-86.

On 18 October 2016, appellant filed its reinstatement request, which the government opposes.* The request was 12 days late and consists of a single statement: "Please reinstate the above referenced appeal, and schedule the matter for Binding Arbitration." In opposition, the government points out that appellant "provide[s] no basis for its inability to meet" the 6 October 2016 deadline to request reinstatement. In

---

* While appellant's letter requesting reinstatement is dated 17 October 2016, the United States Postal Service Priority Mail form indicates the letter was accepted by the post office on 18 October 2016 at 1:17 p.m.

reply, appellant, through its "Manager Member," states that "I was not aware that I needed to brief in detail...my inability to meet the filing deadline," but still provides no explanation for having missed that deadline. The government contends that it would be prejudiced by reinstatement because, it says, "various relevant parties may no longer be available, and the Government would incur significant costs in pursuing such relevant parties, as well as related expenses." The government offers no evidence to support that statement.

We do not have a rule that specifically addresses an untimely reinstatement request; in such situations, we generally look to the Federal Rules of Civil Procedure and its interpretative case law for guidance. *Phoenix Petroleum*, 02-1 BCA ¶ 31,835 at 157,286. Under Federal Rule of Civil Procedure 60(b), which provides for relief from judgment, the criteria for granting relief is a balancing test: the need for finality is weighed against the need to render a just decision on the basis of all the facts. *Id.* In making this determination, we consider such factors as whether relief was sought within a reasonable time, whether there was good cause for failing to act, and to what extent the other party will be harmed if the appeal is reinstated. *See id.*

Here, appellant sought relief within only 12 days of the 6 October 2016 deadline, a reasonable time. However, appellant offers no reason at all for having failed to meet that deadline, not even any that might suggest "excusable neglect." *Cf. Walter Louis Chemicals*, ASBCA No. 51580, 03-2 BCA ¶ 32,374 at 160,187 (failure to file by reinstatement deadline while parties engaged in settlement efforts suggested excusable neglect). For its part, the government provides no support for its vague and conclusory contention that it will be prejudiced by reinstatement. On balance, we find that, under the circumstances, the need to render a just decision on the basis of all the facts is outweighed by the need for finality in this over three-year-old appeal.

CONCLUSION

Appellant's motion to reinstate the appeal is denied.

Dated: 12 December 2016

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

2

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 58819, Appeal of 554 Bloomfield LLC, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

3